# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**TAWNY BLAZEJOWSKI,**

    **Plaintiff,**

vs.                                        **Case No. 4:16cv424-RH/CAS**

**CHRIS FRANCE, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and who was granted in forma pauperis status, ECF No. 4, filed a civil rights complaint under 42 U.S.C. § 1983 on July 13, 2016. ECF No. 1. Plaintiff was assessed an initial partial filing fee, ECF No. 4, but then paid the entire filing fee. ECF No. 5. The complaint has now been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff is incarcerated at the Gadsden Correctional Facility. The Defendants are all located in St. Augustine, Florida. ECF No. 1 at 1-3. All of the events detailed in the complaint appear to have taken place in St. Augustine, although no dates or specific locations are alleged.

By and large, the complaint alleges that Defendants used their positions to stalk and harass Plaintiff, "extort" and blackmail her, manufacture and falsify evidence against her, and ultimately have her arrested. ECF No. 1. Plaintiff contends that her rights were violated and she was imprisoned. As relief, she seeks injunctive relief, monetary damages, and to have her "sentence overturned." Id. at 13.

Most of the claims asserted appear to be barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated). In Heck, the Supreme Court held that before a plaintiff could "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003) (quoting Heck, 512 U.S. at

486-87, 114 S.Ct. at 2372).  No such showing has been made and, presumably, Plaintiff's current incarceration is based on the claims and facts alleged in this case.  Plaintiff cannot be provided monetary damages on such claims, nor can she obtain part of the relief requested - to have her sentence overturned.  Such relief must be sought through the filing of a habeas corpus petition, not through a civil rights action.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment).

While most of Plaintiff's claims appear to be barred by <u>Heck</u>, it is plausible that some of the alleged claims of civil rights violations are not. Because the events about which Plaintiff challenges appear to have taken place in the St. Augustine, Florida area where Defendants reside, venue is not appropriate in this Court.  Pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b), this case should be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), it is respectfully **RECOMMENDED** that this case be

**TRANSFERRED** to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 29, 2016.

 s/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this Report and Recommendation. A copy of objections shall be served upon all other parties. If a party fails to object to the findings or recommendations made herein as to any particular claim or issue, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636. A party may respond to another party's objections within 14 days after being served with a copy thereof.

Case No. 4:16cv424-RH/CAS